**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

JAN 24 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ADALBERTO RIVERA,

Defendant-Appellant.

No. 16-50262

D.C. No. 3:10-cr-05135-LAB

MEMORANDUM*

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted January 18, 2017**

Before: TROTT, TASHIMA, and CALLAHAN, Circuit Judges.

Adalberto Rivera appeals from the district court's judgment and challenges

the 12-month sentence imposed upon revocation of supervised release. We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Rivera claims that the district court procedurally erred by improperly basing its sentence on the seriousness of the underlying offense. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude there is none. The record reflects that the district court based its decision on only proper 18 U.S.C. § 3583(e) sentencing factors, including Rivera's criminal history, his repeated breaches of the court's trust, and the need to protect the public. *See United States v. Simtob*, 485 F.3d 1058, 1062-63 (9th Cir. 2007).

Rivera next contends that the sentence is substantively unreasonable because the district court placed undue weight on his prior violations of supervised release and probation. The district court did not abuse its discretion in imposing Rivera's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The court properly considered Rivera's prior violations as part of his history and characteristics, as well as his criminal history. Moreover, the within-Guidelines sentence is substantively reasonable in light of the section 3583(e) sentencing factors and the totality of the circumstances, including the need to protect the public and afford adequate deterrence. *See Gall*, 552 U.S. at 51; *United States v. Gutierrez-Sanchez*, 587 F.3d 904, 908 (9th Cir. 2009) ("The weight to be given the various factors in a

particular case is for the discretion of the district court.").

**AFFIRMED**.